**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

TERRENCE WILLIAMS,
    *Plaintiff,*

v.

CREDIT ONE BANK, N.A.,
    *Defendant.*

Case No. 25-cv-2315-ABA

**MEMORANDUM OPINION AND ORDER**

Terrence Williams has sued Credit One Bank, N.A. ("Credit One") for tort and statutory claims related to alleged consumer reporting errors. On October 8, 2025, the Clerk entered default and sent Credit One a Notice of Default providing 30 days to file a motion to vacate the order of default. Within 14 days of that notice, Credit One filed a Motion to Vacate the Clerk's Entry of Default. That motion will be granted. But the briefing on that motion has raised other issues, which are discussed below and as to which the Court will hold a hearing on February 6, 2026.

**I.    BACKGROUND**

Mr. Williams filed a complaint on July 16, 2025 against Credit One for claims based on the Truth in Lending Act, the Fair Credit Billing Act, the Maryland Consumer Protection Act, breach of contract, unjust enrichment, negligent misrepresentation, and Regulation Z (12 C.F.R. Part 1026). ECF No. 1 ¶¶ 16–28. Credit One was served with the complaint on August 20, 2025 and therefore its deadline to file responsive pleadings was September 10, 2025. ECF No. 6. On September 10, Mr. Williams filed a motion for Clerk's Entry of Default. ECF No. 7. Default was entered on October 8, 2025 and a Notice of Default was sent to Credit One. ECF Nos. 9 & 10. On October 20, Credit One

1

filed an answer to the complaint along with a Motion to Vacate the Clerk's Entry of Default. ECF Nos. 11 & 12.

In its motion, Credit One stated that "the delay is attributable to an inadvertent error in processing the incoming mail from the U.S. Marshall's [sic] Service." ECF No. 12-1 at 3. Credit One further points out that it acted with reasonable promptness upon the receipt of the Notice of Default and that it has meritorious defenses to Plaintiff's claims, which the Court should consider on the merits. *Id*. Finally, it argues that the approximately one-month delay is not prejudicial to Plaintiff. *Id*.

In response, Plaintiff principally argues the motion to vacate should be denied because Credit One had actual notice of this lawsuit prior to the default. He makes this claim based on a string of emails between him and an attorney, Bryan D. Bolton, that Mr. Willilams attached as an exhibit to his response brief (ECF No. 14-1). There is no dispute that Mr. Bolton represents a party, Aetna Health Inc. d/b/a Aetna Better Health of Maryland, that is unrelated to the parties in this case (the parties here are Mr. Williams and Credit One), in another case filed by Mr. Williams that is pending in this Court (*Williams v. Aetna Better Health of Md., et al.*, 1:25-cv-01135-ABA (D. Md.)). But in opposing the motion to vacate the entry of default with regard to Credit One, Mr. Williams represented to this Court that Mr. Bolton also represents Credit One. (Mr. Williams also argues that a 50-day delay was not reasonably prompt, and that he would be prejudiced if default were vacated. ECF No. 14 at 2–3.) The first email he represented to this Court as having been sent by Mr. Bolton was this message on September 10, 2025 at 2:51 p.m.: "Mr. Williams: May **Credit One Bank** have the same time, until Monday September 29, to respond to the motion for default as well? Same reasons, of course, my personal travel schedule and nothing to do with Credit One Bank." ECF No. 14-1 at 3

2

(emphasis added). The second email he represented to this Court as having been sent by Mr. Bolton was this message on September 10, 2025 at 2:54 p.m.: "Please disregard this email. I am **no longer** representing Credit One Bank." *Id*. at 4 (emphasis added).

But Mr. Bolton and his firm do not represent Credit One and have never represented Credit One in this case. ECF No. 15-1 (Declaration of Bryan D. Bolton) ¶ 7. And what is more, Mr. Bolton has provided the email chain that he exchanged with Mr. Williams. It reflects that in both emails that he sent to Mr. Williams that Mr. Williams purported to submit as evidence in ECF No. 14-1 of Credit One's knowledge of this case as of September 10, 2025, the versions that Mr. Williams filed contain fundamental alterations:

| **Original email (ECF No. 15-2)**[1] | **Version filed by Plaintiff (ECF No. 14-1)** |
|---|---|
| Sept. 10, 2025, 2:52 p.m.<br>Message:<br>"Mr. Williams: May **Aetna** have the same time, until Monday September 29, to respond to the motion for default as well? Same reasons, of course, my personal travel schedule and nothing to do with **Aetna**.[2]<br>Thank you again for considering this request and I propose to follow the same process assuming you agree.<br><br>Regards, Bryan" | Sept. 10, 2025, 2:51 p.m.<br>Message:<br>"Mr. Williams: May **Credit One Bank** have the same time, until Monday September 29, to respond to the motion for default as well? Same reasons, of course, my personal travel schedule and nothing to do with **Credit One Bank**.<br>Thank you again for considering this request and I propose to follow the same process assuming you agree.<br><br>Regards, Bryan" |

---

[1] The Court has added the bolding in this chart to highlight the alterations.

[2] The reference to "the same time" refers to an email exchange between Mr. Williams and Mr. Bolton earlier that same afternoon *about the Aetna case*. In the *Aetna* case, Mr. Bolton had filed on September 4, on behalf of his client in that case (Aetna Health Inc.

| Sept. 10, 2025, 2:55 p.m. | Sept. 10, 2025, 2:54 p.m. |
|---|---|
| Message: | Message: |
| "Please disregard this email. I am **not representing** Credit One Bank. I should have looked more closely before emailing you. My apologies.<br><br>Regards,<br>Bryan D. Bolton, Esquire" | "Please disregard this email. I am **no longer representing** Credit One Bank. I should have looked more closely before emailing you. My apologies.<br><br>Regards,<br>Bryan D. Bolton, Esquire" |

Mr. Williams then filed a motion for leave to file a surreply (which will be granted), and in the surreply brief claims that Mr. Bolton altered his own emails. ECF No. 17-1 at 2–6. Credit One filed a brief in opposition to the motion for leave. ECF No. 18.

---

d/b/a Aetna Better Health of Maryland), a motion to enforce a previously filed stipulation of dismissal. *Williams v. Aetna Better Health*, Case No. 25-cv-1135-ABA, ECF No. 21. Mr. Williams filed a brief in opposition to that motion on September 9. *Id.*, ECF No. 25. The next day, Mr. Bolton sent an email, with the subject line "Williams v. Aetna: Reply Time Extension," requesting Mr. Williams's consent to extend until September 29 Aetna's deadline to file a reply brief in support of its motion to enforce the *Aetna* stipulation. ECF No. 14-1 at 2. At 2:40pm, Mr. Williams responded, agreeing to that extension. *Id.* Approximately twelve minutes later, Mr. Bolton sent a separate email to Mr. Williams with the subject line, "Williams v. Aetna: Motion for Default." ECF No. 15-2 at 3. No motion for default had been filed in the *Aetna* case; it appears Mr. Bolton had become aware that, in the *Credit One* case (this case), on that same day Mr. Williams had filed a motion for a Clerk's entry of default. ECF No. 7. In any event, apparently believing (erroneously) that Mr. Williams had requested entry of default against Aetna, and with Mr. Williams having just agreed to extend the deadline to file a reply brief in the *Aetna* case on the briefing regarding enforcement of the stipulation of dismissal, Mr. Bolton requested that Mr. Williams also agree that "Aetna have the same time, until Monday September 29, to respond to the motion for default as well." ECF No. 15-2 at 3. Once Mr. Bolton realized that the motion for entry of default was filed in *Credit One*, not *Aetna*, he sent his follow-up email, quoted below, asking Mr. Williams to disregard his earlier email because "I am not representing Credit One Bank" and "should have looked more closely before emailing you." ECF No. 15-2 at 2.

4

## II. DISCUSSION

### A. Good cause exists to vacate the entry of default

A court "may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). Generally, "the Fourth Circuit has a 'strong policy favoring the disposition of cases on the merits.'" *Xerox Corp. v. SMS Prods., Inc.*, Case No. 21-cv-1606-ELH, 2022 WL 1912696, at *6 (D. Md. June 3, 2022) (quoting *Rangarajan v. Johns Hopkins Univ.*, 917 F.3d 218, 229 (4th Cir. 2019)). The Fourth Circuit has "repeatedly expressed a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits." *Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 417 (4th Cir. 2010) (*citing Tazco, Inc. v. Director, Office of Workers Compensation Program, U.S. Dep't of Labor*, 895 F.2d 949, 950 (4th Cir. 1990) ("The law disfavors default judgments as a general matter."), and *Consolidated Masonry & Fireproofing, Inc. v. Wagman Const. Corp.*, 383 F.2d 249, 251 ("Generally a default should be set aside where the moving party acts with reasonable promptness and alleges a meritorious defense.")). "When deciding whether to set aside an entry of default, a district court should consider whether the moving party has a meritorious defense, whether it acts with reasonable promptness, the personal responsibility of the defaulting party, the prejudice to the party, whether there is a history of dilatory action, and the availability of sanctions less drastic." *Id.*

The Court finds that Credit One has shown good cause for setting aside the entry of default. Credit One filed its answer to the complaint contemporaneously with its motion to vacate the entry of default, which presents eleven affirmative defenses and denies several allegations made by Plaintiff in his complaint. ECF No. 11. Further, Credit One retained counsel and filed both the answer and the motion within fourteen days of

5

the entry of default, which the Court finds was reasonably prompt. Credit One takes responsibility for having missed the initial responsive pleadings deadline and explains that the delay was a result of inadvertent error. ECF No. 12-1 at 3. Finally, the Court finds that the 40-day delay between Credit One's initial deadline to file responsive pleadings and when it filed its answer and motion to vacate does not cause prejudice to Plaintiff. Accordingly, the Court finds that there is good cause to vacate the entry of default and allow the case to be considered on the merits.

      **B.    Credit One's request for sanctions based on the altered emails**

There remains, however, the issue arising from Mr. Williams's filing of versions of Mr. Bolton's emails that Mr. Williams appears to have altered in material ways, apparently in an effort to mislead the Court and avoid vacatur of the entry of default. As noted above, Mr. Bolton is not counsel to Credit One in this case, but rather is counsel to Aetna Health Inc. d/b/a Aetna Better Health of Maryland in the case *Williams v. Aetna Better Health of Md., et al.*, 1:25-cv-01135-ABA (D. Md.). Although Credit One has not filed a motion for sanctions based on this conduct, *see* Fed. R. Civ. P. 11(c)(2) ("A motion for sanctions must be made separately from any other motion"), Credit One has requested that the Court consider imposing sanctions on Mr. Williams. ECF No. 15 at 3. Pursuant to Rule 11(c)(3) of the Federal Rules of Civil Procedure, the Court herein orders Mr. Williams to show cause—and will hold a hearing on **February 6, 2025 at 10:00 a.m.**—why the apparent alteration of Mr. Bolton's emails does not violate Rule 11(b) of the Federal Rules of Civil Procedure and why any such violation should not give rise to monetary or other sanctions.

6

### C.    Mr. Williams's allegations regarding the emails

After Credit One and Mr. Bolton brought to this Court's attention the alterations in the content of Mr. Bolton's emails in the exhibits Mr. Williams filed, Mr. Williams retorted by pointing to slight discrepancies in the timestamp in the emails. Specifically, he points out that for Mr. Bolton's email beginning "Mr. Williams: May Aetna have the same time," Mr. Bolton's version of that email shows a timestamp of 2:52 p.m. while Plaintiff's version shows a timestamp of 2:51 p.m., and for Mr. Bolton's "Please disregard" email, Mr. Bolton's version shows a timestamp of 2:55 p.m. while Plaintiff's version shows a timestamp of 2:54 p.m. *See* ECF No. 17-1 at 4. These discrepancies appear to almost certainly be the result of the common slight delay between when an email is sent from a sender's server or email provider and received by a recipient's server or email provider. But the Court will permit Mr. Williams to argue this point at the February 6 hearing, and thus the Court will reserve decision on that issue.

### III.    CONCLUSION AND ORDER

For the reasons stated above, the Court hereby ORDERS as follows:

1. The motion to vacate the entry of default (ECF No. 12) is GRANTED;

2. The motion for leave to file a sur-reply in opposition to the motion to vacate the entry of default (ECF No. 17) is GRANTED;

3. Pursuant to Federal Rule of Civil Procedure 11(c)(3), **within 21 days of this Order**, Mr. William SHALL show cause to why his conduct does not violate Federal Rule 11(b) and why any such violation should not give rise to monetary or other sanctions;

4. The Court will hold a sanctions hearing on **February 6, 2026 at 10:00 a.m.** in Courtroom 7D of the Edward A. Garmatz Courthouse in Baltimore, Maryland; and

5. By **January 23, 2026**, the parties shall file versions of the contested email chains containing any relevant metadata for those communications.

Date:  December 23, 2025                              /s/
                                              Adam B. Abelson
                                              United States District Judge